UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | 17-CR-263 |
| --- | --- |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(2) |
| ANGELA BELGRAVE, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

**Appearances**

**For United States:**

> Temidayo Aganga-Williams
> Assistant United States Attorney
> 271 Cadman Plaza East
> Brooklyn, NY 11201

**For Defendant:**

> Mitchell Alan Golub
> Golub & Golub LLP
> 225 Broadway
> Suite 1515
> New York, NY 10007

Table of Contents
I. Introduction..................................................................................................................2
II. Facts...........................................................................................................................2
   a. Arrest......................................................................................................................2
   b. Guilty Plea .............................................................................................................3
   c. Sentencing..............................................................................................................3
III. Offense Level, Category, and Sentencing Guidelines Range ...................................3
IV. Law .............................................................................................................................4
V. 18 U.S.C. § 3553(a) Considerations ..........................................................................4
VI. Conclusion ..................................................................................................................5

I. Introduction

Defendant Angela Belgrave was charged with, and pled guilty to, embezzlement of government property and misappropriation of postal funds. Presentence Investigation Report ("PSR") ¶ 1, 18. Defendant has a diagnosed gambling disorder related to her underlying depression. She spent most of the funds at a casino.

Defendant confessed to her crimes immediately upon arrest. She has no criminal history and is being treated for her depression and gambling disorder. With continued treatment, she should present a low risk of re-offence.

Defendant is sentenced to one year of probation with psychiatric treatment, restitution in the amount of $25,935 and forfeiture in the amount of $1,359.00.

II. Facts

a. Arrest

Since January 2017, the Office of the Inspector General has been investigating the disappearance of thousands of dollars from the Elmhurst Post Office ("Post Office"), an office of the United States Postal Service ("USPS"). PSR ¶ 7.

On March 25, 2017, Defendant, an employee of USPS, was recorded going into the lock box where office's funds were kept. PSR ¶ 9. The funds were later found to be $3,900 short. *Id.*

On April 9, 2017, the alarm at the Post Office was tripped at 5:34 a.m. Security cameras across the street showed Defendant entering the Post Office at 5:31 a.m. and leaving at 5:37 a.m. PSR ¶ 13. Remittance from April 8, 2017, totaling $22,035, was missing. *Id.*

Defendant was arrested on April 18, 2017. A total of $1,359 in cash was seized from her person on the day of the arrest. PSR ¶ 14.

  b. Guilty Plea

Defendant pled guilty to both embezzlement of government property, 18 U.S.C. § 641, and misappropriation of postal funds, 18 U.S.C. § 1711. PSR ¶ 18.

  c. Sentencing

The court held a sentencing hearing on March 12, 2018. The proceeding was videotaped. *In Re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) ("The sentencing hearing normally requires that the defendant be observed for credibility, mental astuteness, physical characteristics, ability to withstand the rigors and dangers of incarceration, and a myriad other relevant factors. In many instances, it is necessary to observe the employer's and familial ties to the defendant. A judge applies mental impressions of many tangible and intangible factors when imposing a sentence.").

III.  Offense Level, Category, and Sentencing Guidelines Range

The two counts were grouped for guideline calculation purposes. USSG §3D1.2(d). The base offense level for 18 U.S.C. §1711 is six. USSG §2B1.1. The offense level was enhanced by four points because the loss exceeded $15,000. PSR ¶ 22; USSG §2B1.1(b)(1)(C). The

offense level was decreased by two points for acceptance of responsibility. PSR ¶ 28; USSG §3E1.1(a).

The total adjusted offense level is eight. PSR ¶ 29. Defendant has no prior convictions, establishing a criminal history category of I. PSR ¶ 32. This yields a guideline imprisonment range of zero to six months. PSR ¶ 65. The guidelines also provide for potential supervised release ranging from one to three years, probation up to three years, and a fine ranging from $2,000 to $20,000. USSG §5D1.2(a)(2); USSG §5B1.2(a)(2); USSG §5E1.2(c)(3); PSR ¶¶ 68, 71, 75.

IV. Law

The United States Sentencing Guidelines are "advisory, rather than binding." *Rita v. United States*, 511 U.S. 338, 361 (2007) (Stevens, J., concurring). A district court shall state its reasons for "imposition of the particular sentence." *U.S. v. Booker*, 543 U.S. 220 (2005).

Title 18 U.S.C. § 3553(a) instructs a court to impose a sentence "sufficient, but not greater than necessary, to comply" with the policy of the sentencing statutes and guidelines. A sentencing court shall take into account the following factors: (1) the nature of the offense and history of the defendant; (2) the need for just punishment; (3) general and specific deterrence; (4) incapacitation; (5) rehabilitation of the defendant; and (6) available sentences. *See* 18 U.S.C. § 3553(a).

V. 18 U.S.C. § 3553(a) Considerations

For the reasons stated on the record, the court sentenced Defendant to one-year probation with continued psychiatric treatment, along with restitution in the amount of $25,935 and forfeiture in the amount of $1,359.

4

Currently 56 years old, Defendant has no prior criminal record. She lives with, and cares for, her mother, who is 80 years old and has high blood pressure, high cholesterol, and diabetes. Defendant is the sole financial supporter of her mother.

Defendant has been diagnosed with a gambling disorder and a major depression problem. PSR ¶ 47. A gambling assessment indicated that she visited the Resorts World Casino roughly three times per week. PSR ¶ 46. Since September 2017, Defendant has attended weekly individual counseling sessions with her therapist, and since November 2017, she has been seeing a psychiatrist for medication.

During probation, Defendant shall continue psychiatric treatment. Sent. Tr. 25:15-16. She will also refrain from going to any gambling establishments. Sent. Tr. 19:17-18.

Defendant has a net worth of $13,057.00 and her monthly expenses exceed her monthly income by about $273.12. PSR ¶ 60. Because of her financial condition, she will pay her restitution in installments. She will pay $2,000 immediately, and then $200 per month until her restitution is paid. Sent. Tr. 11:9-17.

With continued psychiatric treatment recidivism is unlikely.

VI. Conclusion

All relevant issues under the guidelines have been considered; with special attention given to factors listed under 18 U.S.C. 3553(a) to ensure a sufficient, but "not greater than necessary" sentence.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 29, 2018
   Brooklyn, New York